Nelson Lee **BURNETT**, Plaintiff-
Appellant,

v.

**Joe H. DICKERSON and J. E. Wiggins**,
Defendants-Appellees.

**No. 73–1611.**

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1973.

David J. Nagle, Houston, Tex., for plaintiff-appellant.

G. Robert Friedman, Houston, Tex., for Joe E. Dickerson.

Joseph G. Rollins, Houston, Tex., for J. E. Wiggins.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

This civil rights action under 42 U.S. C. § 1983 arises out of an incident in which defendant police officers allegedly beat the plaintiff while arresting him. A description of the incident is included in a previous opinion of this court, styled Burnett v. Short, 441 F.2d 405 (5 Cir. 1971), but a short summary is included here for clarity.

Early in the evening of November 30, 1966, plaintiff became embroiled in a fracas involving Clyde Lamb and Laura Fay Kuykendall. Lamb shot the plaintiff in the right leg. Police officer Edward Rich, on patrol in the area, immediately drove up to the scene of the incident and jumped from his vehicle. Lamb shot officer Rich in both wrists, but the officer managed to make a plea for aid over his police radio. Within

minutes a large number of police officers, including the two defendants, arrived on the scene. Another officer in the group, C. A. Nelson, saw plaintiff limping away and restrained him from leaving. "He looked like he was hurt and he was leaving the scene, and I thought he might be involved in it," Nelson testified at trial. Officer Nelson also testified that he would not have let the plaintiff leave the scene, and that he felt he was placing him under arrest. He added that plaintiff's face was already bloody when he was arrested. After Nelson had stopped Burnett, Laura Kuykendall ran up to Nelson and accused Burnett of assaulting her. Several officers, including Dickerson and Wiggins, handcuffed Burnett and, over his resistance, placed him in a patrol wagon. The fact that Burnett resisted is undisputed. Burnett testified that police officers beat and kicked him repeatedly on the street, in a patrol wagon and in an ambulance. He was taken to a hospital and treated for many serious wounds. No charges were ever filed against him, and he was subsequently released from custody.

Burnett brought an action under 42 U.S.C. § 1983, claiming that officers Dickerson and Wiggins, acting under color of state law, deprived him of rights secured by the Constitution. At trial, substantial evidence was received regarding the incident described above, and the case was submitted to a jury. The jury, in answers to special interrogatories, found the following facts to be true: Neither defendant arrested the plaintiff. Wiggins used greater force than was reasonable and necessary under the circumstances to secure the arrest of the plaintiff, but Dickerson did not. The unreasonable force by Wiggins was not a proximate cause of the plaintiff's injuries, if any. Neither defendant subjected the plaintiff to unlawful physical contact subsequent to the arrest of plaintiff. The jury awarded the plaintiff no compensatory, punitive or nominal damages. The court entered judgment in accordance with the jury's verdict, and this appeal followed.

■■■ Appellant argues that the court erred in failing to direct a verdict in his favor on the issue of liability, in instructing the jury that the testimony was conflicting on the issue of whether the defendants arrested the appellant and in failing to overturn the jury's finding that neither defendant arrested appellant. These contentions are totally without merit. Viewing the evidence in the light most favorable to the defendants, as we must, the jury's verdict is clearly supported by the evidence. If the defendants' witnesses are believed, the officers acted entirely reasonably under the circumstances. The officers had rushed to a scene in which a great deal of violence had already been committed. A fellow officer and a civilian had already been wounded. There was apparently blood all over the place. Laura Fay Kuykendall was screaming hysterically and accusing appellant of having assaulted her. Appellant was limping away from the scene, wounded, with blood on his face. Not only was it reasonable for the officers to detain appellant, it would have been unreasonable for them to do otherwise. Had the jury believed appellant's story that he had been severely beaten by the police officers, it would have been unreasonable for them to reach a verdict in favor of the defendants. But their answers to the court's interrogatories demonstrate that they did not believe that appellant's version of the incident was supported by a preponderance of the evidence. Appellant has in all respects failed to demonstrate that this verdict was unreasonable.

■■ Appellant also argues that the court erred in failing to charge the jury that a mistake of fact does not exonerate a police officer who has arrested a

person without a warrant and without probable cause. Regardless of the merit of this argument, it does not apply to this case, since the jury found that neither defendant arrested the plaintiff. The court's charge to the jury included the following instruction:

> Accordingly, a peace officer's arrest is not unlawful where he is proceeding in good faith, even though it may be subsequently determined that he was operating under an honest and reasonable misunderstanding of the facts. Nor is there any civil recovery permitted where it is established that there was probable cause for arrest and the arresting officer acted in good faith, even though the arrested person was subsequently found innocent of the charge upon which he was arrested.

These two sentences must be considered together, and so considered, they are consistent with the rule that a later finding of innocence does not invalidate an arrest made with probable cause. See Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967).

Appellant also argues that the court erred in failing to instruct the jury with respect to false imprisonment and cruel and unusual punishment. However, appellant's entire false imprisonment issue is based on the premise that the arrest itself was illegal, a premise which is not supported by the record. Likewise, his argument with respect to cruel and unusual punishment is based on the premise that he was injured by the defendants, which the jury specifically found not to be true.

We have examined carefully all of appellant's other assignments of error, and find them all to be without merit.

The judgment is

Affirmed.